CID ET AL., DEMANDANTES Y APELANTES, *v.* C. PÉREZ ALVAREZ, S. EN C., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre desahucio.

No. 2587.—Resuelto en noviembre 20, 1922.

ARRENDAMIENTO—OPCIÓN PARA PRORROGAR EL ARRENDAMIENTO—AVISO DE LA INTENCIÓN DE PRORROGAR.—Cuando el contrato de arrendamiento con opción de prórroga en favor del arrendatario no contiene disposición alguna sobre aviso al arrendador de la intención de prorrogarlo, el arrendatario no está en la obligación de dar aviso expreso de tal intención, la cual puede deducirse de los actos de las partes.

Los hechos están expresados en la opinión.

Abogados de los apelantes: Sres. C. Coll Cuchí, R. Rivera Zayas y G. Cruzado Silva.

Abogado de la apelada: Sr. S. Suau.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Convenimos enteramente con el abogado de los apelantes y demandantes en la corte inferior en una acción de desahucio, en que la única cuestión aquí envuelta, es si era o no

necesaria de acuerdo con los términos del contrato de arrendamiento la manifestación expresa de una intención por parte de la arrendataria de optar por la prórroga del término.

Para los fines de esta opinión puede admitirse, aunque sin resolverse, que tal opción había de ejercitarse antes del vencimiento del término fijado y que el mero hecho de no desocuparse la finca inmediatamente en el día de tal vencimiento no era un aviso suficiente de la intención de hacer uso del privilegio de la prórroga. No es necesario, por tanto, que se determine ahora hasta qué punto sostienen las autoridades citadas en el alegato estas proposiciones a que acabamos de hacer referencia. En ninguna de ellas parece resolverse o inferirse que sea necesario ninguna forma particular de aviso por escrito o de otro modo.

El contrato original celebrado por las partes en esta controversia dispone que "el término de este arrendamiento es de tres años empezados a contar desde el primero de agosto hasta el treinta y uno de julio de mil novecientos veinte y uno, pudiendo prorrogarse por dos años más si le conviniere a "la arrendataria o a sus sucesores."

Este contrato también contiene una cláusula que dice lo siguiente:

"Serán de cuenta de los arrendadores todas las reparaciones que sean necesarias en la casa siempre que éstas sean originadas por fuerza mayor o por el transcurso del tiempo, así como en la tubería general sanitaria, y serán de cuenta de los arrendatarios, las reparaciones de inodoros, plumas de agua, así como el consumo de la misma; también serán de cuenta de los arrendadores las contribuciones y demás impuestos que se asignen a la casa objeto de este contrato. El arrendatario conservará la finca para el uso a que está destinada, pudiendo hacer en ella las obras que estime necesarias, pero a la conclusión del inquilinato, deberá reponerla al estado en que la recibe, a no ser que los arrendadores acepten las mejoras que haya ejecutado el arrendatario, las que quedarán a beneficio del inmueble."

En 11 de mayo de 1921, la Sra. Cid en su nombre propio y en representación de sus hijas doña Marta Cid, mayor de edad, casada, propietaria y residente en la actualidad en Hamburgo, Alemania y doña Julia Cid, mayor de edad, casada, propietaria y en la actualidad residente en New York, compareció con el socio gestor de la arrendataria ante el notario público y otorgaron un contrato formal que contenía las siguientes cláusulas:

"Tercero: La sociedad 'C. Pérez Alvarez, S. en C.' por la presente se obliga a que antes de la terminación del arrendamiento de la casa número noventa y cinco de la calle de San Francisco, o Salvador Brau, se cierren por cuenta de la misma sociedad las puertas de comunicación abiertas para con la casa número noventa y siete, en la pared que comunica la pared medianera de ambas casas; y que para cerrarse tales puertas intervendrá y dirigirá las operaciones un arquitecto, o ingeniero, o un maestro de obras nombrado por doña Julia Pastrana, y cuyos derechos u honorarios serán pagados por la sociedad 'C. Pérez Alvarez, S. en C.'—Cuarto: 'C. Pérez Alvarez, Sociedad en Comandita, por la presente declara que se obliga a solucionar por su cuenta todas las responsabilidades que puedan originarse por la apertura como para el cierre de las referidas puertas, en relación con el dueño de la casa vecina número noventa y siete de la calle de Salvador Brau, y que se hace cargo de cualquier indemnización que pudiera exigir el referido dueño por ese concepto.— Quinto: Los comparecientes doña Julia Pastrana y don Carmelo Pérez Alvarez, en sus respectivas representaciones, declaran y convienen en lo siguiente.—En que por el tiempo que queda de subsistencia al contrato de arrendamiento entre ellos existente, las reparaciones ordinarias menores, tales como cambio de algunas planchas de zinc, tomas de goteras, cambio de alguna a algunas tablas o cuartones y otros de la misma naturaleza, serán de cuenta de los arrendatarios 'C. Pérez Alvarez, S. en C.'; y que cuando se trate de cambios de muchas planchas de zinc o muchas tablas o cuartones, se llevará a efecto la obra mediante un presupuesto de acuerdo entre arrendadores y arrendatarios, y satisfaciéndose por mitad los gastos de materiales.   Y en cuanto a las reparaciones mayores originadas por accidentes meteorológicos, como ciclón, inundación, huracán, y a los desplomes de paredes, techos, etc., serán de cuenta de los arrendadores exclusivamente."

Las declaraciones de la Sra. Cid y del socio gestor presta-
das en el juicio indican claramente que estas modificaciones
en los términos del primitivo contrato se hicieron a instancia
de la Sra. Cid tomando en consideración un viaje a Europa,
y no solamente con el fin de arreglar la cuestión de la respon-
sabilidad por las aberturas hechas por la arrendataria en la
pared medianera sino también para que quedara relevada la
Sra. Cid de la responsabilidad y molestias de tener que aten-
der a las reparaciones menos importantes durante el período
de su ausencia.  Puede concebirse quizá que la disposición
relativa al nombramiento por los arrendadores de un arqui-
tecto, bajo cuya dirección había de restaurarse a su anterior
condición la pared medianera antes del vencimiento del con-
trato de arrendamiento, se refería al término original sin to-
marse en consideración el privilegio de la prórroga, si bien
el hecho de no haberse nombrado ningún arquitecto es una
circunstancia muy significativa que indica la interpretación
que se dió entonces a la cláusula en cuestión por la Sra. Cid.
Pero semejante conclusión no puede inferirse del hecho de
que después de haber transcurrido dos años y diez meses de
un contrato de arrendamiento por tres años los arrendadores
solicitaron y obtuvieron una exoneración formal de su respon-
sabilidad por las reparaciones ordinarias que se hicieran ne-
cesarias por el transcurso del tiempo, con estipulaciones cla-
ras no sólo en cuanto a la toma de goteras y cambio por los
arrendatarios de alguna tabla o plancha de zinc sino también
para intervenir el arrendador en caso de mayores y más im-
portantes deterioros.  Asumir sencillamente que el proyec-
tado viaje a Europa era un viaje rápido en un vapor ligero,
y que todas estas precauciones se tomaron para justificar un
período de algunas semanas equivaldría a un verdadero ab-
surdo.  La única alternativa es aceptar la consecuencia inevi-
table de que lo que las partes debieron haber tenido en cuenta
fué una prórroga del arrendamiento por un período de dos
años, de acuerdo con las estipulaciones del mismo y que tal

prórroga fué tan ciertamente convenida por deducción como pudo haberlo sido mediante el otorgamiento de una nueva escritura.

"La regla general es que no es necesario ningún nuevo contrato de arrendamiento al ejercitarse un derecho de opción de prórroga." Nota al caso de *Grenshaw-Gary Lumber Company* v. *Norton,* L. R. A. 1916 E, página 1227, en la página 1238.

"Cuando el arrendamiento se hace por término que se especifica teniendo el arrendatario el privilegio de prorrogar el término por uno mayor, y no contiene ninguna disposición sobre aviso al arrendador de la elección del arrendatario de prorrogar de tal modo el término, se ha declarado que el arrendatario no está en la obligación de dar un aviso expreso al arrendador antes de vencer el primer período de su elección en prorrogar el término." 16, R. C. L., página 893, sección 397.

No habiéndose citado ninguna autoridad en sentido contrario estamos satisfechos al sostener la regla a que se hace referencia en el texto que acabamos de citar.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociado Aldrey.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.